UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| TIMOTHY JOHNSON,           )<br>                              )<br>    Plaintiff,              )<br>                              )<br>v.                            )<br>                              )<br>MARTIN O'MALLEY,[1]         )<br>Commissioner of Social Security, )<br>                              )<br>    Defendant.            ) | Case No. 4:23-CV-00320-NCC |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Martin O'Malley, Commissioner of Social Security ("Defendant"), denying the application of Plaintiff Timothy Johnson ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* ("the Act").  Plaintiff has filed a brief in support of the Complaint (Doc. 14), and Defendant has filed a brief in support of the Commissioner's decision (Doc. 17).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).

## I.  PROCEDURAL HISTORY

On February 26, 2020, Plaintiff protectively filed his application for SSI (Tr. 11, 298). The Social Security Administration denied Plaintiff's application on August 12, 2020 (Tr. 325-30).  Plaintiff filed a timely Request for Reconsideration on October 2, 2020 (Tr. 331-33).  On

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

February 24, 2021, Defendant issued a Reconsideration Determination affirming the previous denial (Tr. 334-39).  On April 15, 2021, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 341).  After a hearing, by decision dated February 14, 2022, the ALJ issued an unfavorable decision (Tr. 8-29).  On January 9, 2023, the Appeals Council denied Plaintiff's request for review (Tr. 1-7), and the ALJ's decision stands as the final decision of the Commissioner.

## II.  DECISION OF THE ALJ

The ALJ found that Plaintiff has not engaged in substantial gainful activity since February 26, 2020, the alleged disability onset date (Tr. 13).  The ALJ also determined that Plaintiff has the following severe impairments: obesity, a history of gunshot wound to the left hip (status-post surgery and with residual neuropathy), status-post left elbow surgery, migraine, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and a history of substance use disorders, in remission, but that no impairment or combination of impairments meets or equals the severity of any listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13-14.).

After careful consideration of the entire record, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b) except he can frequently reach with his left upper extremity; he can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, can frequently balance and stoop, and can occasionally kneel, crouch, and crawl (Tr. 17).  He can never work at unprotected heights, can never operate hazardous machinery, can never be exposed to extremes of heat or cold, and cannot be exposed to concentrated levels of vibration (*id.*).  He can work up to and at the moderate noise level (*id.*).  The Plaintiff is limited to simple, routine, and repetitive tasks, and

2

can have occasional contact with supervisors, co-workers, and the public (*id*.). The ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 23). The ALJ found that the Plaintiff was born on January 10, 1968, and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (Tr. 24). The ALJ determined the Plaintiff has at least a high school education (*id*.). The ALJ found that transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled (*id*.). Finally, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform, including marker, routing clerk, and collator operator (*id*.). Thus, the ALJ concluded that the Plaintiff was not disabled, as defined by the Act, from February 26, 2020, through the date of the decision (Tr. 25).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id*. "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)

(quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d).  If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. §§ 416.920(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 416.920(a)(4)(iv), 416.920(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.  If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant."  *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's

4

decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

The Commissioner's findings are conclusive upon this Court so long as they are supported by substantial evidence in the administrative record, and they comport with relevant legal requirements. It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises three issues. First, Plaintiff argues that the RFC is not supported by substantial evidence (Doc. 14 at 3). Second, Plaintiff argues that the ALJ decision fails to properly evaluate medical opinion evidence (*id*. at 7). Third, Plaintiff argues that the ALJ decision lacks a proper evaluation of Plaintiff's reports of pain and other subjective symptoms (*id*. at 12). Because the Court agrees that the ALJ erred in failing to properly evaluate medical opinion evidence, the Court will address that issue alone.

5

Plaintiff argues that the ALJ failed to properly evaluate Dr. McGraw and Dr. Weiss' opinions, which the ALJ found generally persuasive (*id*. at 8). Plaintiff also argues that the ALJ failed to properly evaluate Dr. Raphael Smith and Dr. Martin Isenberg's opinions, which the ALJ found partially persuasive (*id*. at 9). Additionally, Plaintiff argues that the ALJ failed to properly evaluate Dr. Summer Johnson's opinion, which the ALJ found largely persuasive (*id*. at 10). The Court agrees. Plaintiff's final argument with respect to Dr. Weston, is not well-taken, as Dr. Weston's report is not a "medical opinion" and not subject to the medical opinion evaluation standards (*id*. at 11-12).

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c. These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520c(c).

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [she] considered the supportability and consistency factors … in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability

6

factor in assessing the persuasiveness of a medical opinion requires reversal.  *Bonnett v. Kijakazi*, 859 F.App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in regulation, as failure to comply with opinion-evaluation regulation was legal error)).  ALJs need not explain in their decision how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

     **A.  Dr. Weiss and Dr. McGraw**

The only discussion in the ALJ's decision of the two factors of supportability and consistency with regard to the opinions of Dr. James Weiss and Dr. Dennis McGraw, state-agency, non-examining physicians, is that "[t]hese medical consultants did provide narrative support for their findings, as they included a summary of the evidence and multiple citations to the record," and that "[t]he record as a whole is reasonably consistent with the findings of Dr. Weiss and Dr. McGraw" (Tr. 23).  The ALJ found these opinions to be "generally persuasive" (*id.*).  The ALJ further states that these doctors "noted that the claimant had postural limitations at least in part due to his left foot drop and use of an ankle-foot orthotic," but, "[a]s is discussed above in this decision, however, the record does not illustrate that the claimant has a medical need to use a cane for ambulation" (*id.*).

An "ALJ's sprinkling of the words 'support' and 'consistent' in her cursory treatment of [medical] opinions is insufficient to satisfy the Regulation's requirement that the ALJ 'explain' how she considered these factors in determining the persuasiveness of a medical opinion." *Martini v. Kijakazi*, No. 4:20 CV 1711 CDP, 2022 WL 705528, at *4 (E.D. Mo. Mar. 9, 2022). "[W]hile an ALJ's explanation need not be exhaustive, boilerplate or 'blanket statement[s]' will not do." *Lucus v. Saul*, 960 F.3d 1066, 1069 (quoting *Walker v. Comm'r, Soc. Sec. Admin.*, 911

7

F.3d 550, 554 (8th Cir. 2018)).  Moreover, "[n]o matter the adequacy of the ALJ's general summary of the evidence of record, she nevertheless [must] abide by the Regulation's mandate to 'explain' the supportability [and consistency] of [a medical] opinion in view of such evidence." *Martini*, 2022 WL 705528 at \*5; *see also Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the residual functional capacity determination).  The Regulation requires "more than a conclusory statement as to the supportability and consistency factors so a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions."  *Hirner v. Saul*, No. 2:21-CV-38 SRW, 2022 WL 3153720, at \*9 (E.D. Mo. Aug. 8, 2022).

While the ALJ mentions that the medical opinions include a narrative, summary of the evidence, and citations to the record, the Court has reservations as to whether this conclusory statement adequately explains and articulates how the opinions are supported.   The ALJ's statement lacks any explanation as to the particulars of those opinions (Tr. 23).

Furthermore, even if the Court determined the ALJ sufficiently explained the supportability of these opinions, the general statement that "[t]he record as a whole is reasonably consistent with the findings of Dr. Weiss and Dr. McGraw" is insufficient to satisfy the Regulation's directive of explanation regarding consistency.  *See Martini*, 2022 WL 705528 at \*5 (finding ALJ's statement that opinion was "consistent with the record as a whole" insufficient); *Post v. Kijakazi*, No. 4:20-CV-315 RLW, 2021 WL 4355349, at \*7 (E.D. Mo. Sept. 24, 2021) (finding ALJ's statement that opinion was "consistent with the claimant medical

8

record, as more fully discussed above" insufficient). The ALJ's mention of the doctors' findings with regard to Plaintiff's left foot drop and the ALJ's conclusion that Plaintiff does not need a cane, "as discussed above" (Tr. 23), does not sufficiently articulate the ALJ's opinion regarding the consistency of the opinions in a way that this Court can make a meaningful assessment, it simply states a conclusion. In other words, it is unclear whether the ALJ is asserting that the doctors' opinions regarding Plaintiff's postural limitations due to his left foot drop are consistent with or inconsistent with the parts of the record that illustrate Plaintiff does not need a cane for ambulation. Also, the ALJ did not cite any specific records that are inconsistent with these opinions, or specify how, or which other evidence contradicts these opinions (*id*.). See *Hirner*, 2022 WL 3153720, at *7 (finding that an ALJ did not comply with the regulations when evaluating the consistency factor where "[t]he ALJ did not cite any specific records that are inconsistent with [a doctor's] opinion or specify how, or which, other evidence contradicts his opinion.").

The Court finds that the ALJ erred in analyzing the persuasiveness of the two state agency, non-examining physicians, Dr. Weiss and Dr. McGraw. *See Martini*, 2022 WL 705528 at *4-5 (finding ALJ erred, requiring reversal, where the only discussion in the ALJ's decision of the supportability and consistency of the state agency consultants' medical opinions was "the findings about the claimant's physical and psychological impairments are consistent with the record as a whole and support the residual functional capacity set forth above."). On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

**B.  Dr. Smith and Dr. Isenberg**

With respect to the state agency, non-examining psychologists, Dr. Smith and Dr. Isenberg, the only discussion in the ALJ's decision of the two factors of supportability and consistency is that both doctors "supported their findings with narrative comments that contained some citations to the medical evidence," and that "their conclusions that the claimant could tolerate only brief and superficial contact with the public and co-workers are not fully consistent with the rest of the record as a whole" (Tr. 23).  The ALJ found these opinions to be "partially persuasive" (*id.*).  The ALJ "observes that the claimant has typically been cooperative at his appointments, and he himself has not endorsed that he has problems getting along with other people, including family, friends, or authority figures" (*id.*).

The Court again finds itself unable to make a meaningful assessment of the challenge to the ALJ's evaluation of the persuasiveness of these opinions.  *See Hirner*, 2022 WL 3153720, at *9.  The ALJ's assessment of supportability is again more conclusory than explanatory.  Regarding consistency, the ALJ does not cite any specific records that are inconsistent with these opinions, or specify how, or which other evidence contradicts these opinions (*id.*).  The ALJ, instead, merely "observes" that the Plaintiff is cooperative at appointments and the Plaintiff has *not* said he has issues getting along with others[2] (Tr. 23).

The ALJ discusses these opinions elsewhere in the decision, see Tr. 15, but does not provide any additional analysis regarding supportability and consistency.  Although the ALJ found these opinions partially persuasive, there is no explanation or articulation of which parts

---

[2]Plaintiff asserts that the ALJ is inappropriately interpreting the medical evidence instead of relying on the opinions of treating sources, which violates the law in this circuit (Doc. 14 at 9).  "An administrative law judge may not draw upon his own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

were persuasive and which were not. The Court finds that the ALJ failed to properly evaluate the opinions of Dr. Smith and Dr. Isenberg. On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

### C. Dr. Johnson

Regarding Dr. Johnson, who conducted a psychological consultative evaluation (but did not provide an RFC), the ALJ's only discussion with respect to the two factors of supportability and consistency is that

> "[h]er opinion is found to be largely persuasive in the matter, as it is well-supported by the narrative report of her findings upon objective examination of the claimant. It is also generally consistent with the rest of the record as a whole. However, the undersigned concludes that the claimant is reasonably limited to sustaining only simple, routine, and repetitive tasks due to his combination of impairments and symptoms, including his complaints of pain and headaches, along with his mental impairments.

(Tr. 23). In this instance, the ALJ finds the doctor's opinion "largely persuasive," but then forms a conclusion that does not accord to it (*id.*). The Court, again, is not convinced that simply pointing to a narrative report after an objective examination fulfills the Regulation's directive to explain and articulate supportability. Regardless, the ALJ's statement that Dr. Johnson's opinion is "generally consistent with the rest of the record as a whole" is insufficient to satisfy the Regulation's directive of explanation regarding consistency. *See Martini*, 2022 WL 705528 at *5 ("finding ALJ's statement that opinion was "consistent with the record as a whole" insufficient).

The Court finds that the ALJ erred in analyzing the persuasiveness of Dr. Johnson's opinion. On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.

**D.  Dr. Weston**

Plaintiff argues that the ALJ failed to properly evaluate Dr. Weston's opinion, in that the ALJ summarized it in the decision, but did not determine its persuasiveness or discuss how the findings at the exam affect the RFC, if at all (Doc. 14 at 11-12).  Defendant asserts that Dr. Weston's findings are "objective medical evidence," and not a "medical opinion" which requires evaluation (Doc. 17 at 11).

On July 21, 2020, Dr. Weston performed an internal medicine consultative evaluation of the Plaintiff (Tr. 20). The ALJ summarized the exam findings (*id*.).  Objective medical evidence is defined as "medical signs, laboratory findings, or both, as defined in § 416.902(k).  20 C.F.R. § 416.913(a)(1).  A medical opinion, on the other hand, is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities listed."  20 C.F.R. § 416.913(a)(2). Further, a medical opinion is:

> a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D) and (a)(2)(ii)(A) through (F) of this section. (For claims filed (see § 416.325) before March 27, 2017, see § 416.927(a) for the definition of medical opinion.)
>
> (i) Medical opinions in adult claims are about impairment-related limitations and restrictions in:
>
> (A) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (B) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (C) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

> (D) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 416.913(a)(2)(i).  "Other medical evidence" is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  20 C.F.R. § 417.913(a)(3).

Upon review of the record, Dr. Weston did not provide a "medical opinion" which would require evaluation pursuant to 20 C.F.R. § 416.920c (Tr. 513-522).  Dr. Weston made no statements about Plaintiff's abilities despite his impairments, nor his physical or mental capabilities, despite his impairments, with respect to performing specific demands of work (*id*.).  Pursuant to the Act, Dr. Weston's report falls under "objective medical evidence," and "other medical evidence," and is not subject to the requirements of medical opinion evaluation.  The ALJ did not err in failing to determine the persuasiveness of Dr. Weston's report.

## V.  CONCLUSION

The Court finds that the ALJ failed to properly evaluate the opinions of Dr. Weiss, Dr. McGraw, Dr. Smith, Dr. Isenberg, and Dr. Johnson.  On remand, the ALJ must fully evaluate and explain the supportability and consistency of the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c.  Because remand is required for revaluation of the opinion evidence, the Court will not address Plaintiff's remaining arguments.  *See, e.g., Hirner*, 2022 WL 3153720, at *10.

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly evaluate the opinion evidence within the record.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 28th day of March, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE